IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELANIE GRAY-WATSON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CAUSE NO: _____ |
| v. | § | |
| | § | JURY |
| REMINGTON COLLEGE, and | § | |
| BONNIE DELASHMIT *in her individual* | § | |
| *capacity* | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Melanie Gray-Watson, and complains of Defendants, Remington College and Bonnie Delashmit, in her individual capacity, and would respectfully show the Court as follows:

## I.
## INTRODUCTION

1. This is an action for violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 1981, the Texas Commission on Human Rights Act and the Family Medical Leave Act (FMLA).

2. All conditions precedent to filing this cause of action have been met.

3. This action seeks equitable relief, actual damages, compensatory damages, liquidated damages, and attorney's fees, taxable costs of court, and post-judgment interest for Defendans' willful violation of the FMLA.

4. Ms. Gray-Watson demands a jury trial on all issues that may be tried to a jury.

## II.
## VENUE AND JURISDICTION

5. The Court has federal question jurisdiction over the lawsuit because some or all of the underlying action(s) involve a federal question.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Plaintiff, Melanie Gray-Watson**, is a former employee of Remington College and a resident of Pearland, Harris County, Texas.

8. **Defendant, Remington College**, is doing business in Texas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste 900, Dallas Texas 75201-3136.

9. **Defendant, Bonnie Delashmit,** is a Senior Vice President of Remington College. Ms. Delashmit may be served with process at her residence at 8375 Belmor Lakes, Olive Branch MS., 38654, her place of employment, or anywhere she may be found.

10. Whenever in this Complaint it is alleged that Defendant Remington College committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant, or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FACTUAL BACKGROUND

11. Ms. Gray-Watson was hired on August 9, 2017, as the Director of Admissions for Remington College's Memphis campus.

12. On or around April 19, 2018, Ms. Gray-Watson was approached to see if she would be interested in moving to Houston as the Director of Admissions and Assistant Director of Campus Administration (DCA) of Remington College's Houston Southeast campus.

13. Ms. Gray-Watson accepted the offer to move to Houston with an anticipated start date of May 29, 2018.

14. On June 5, 2018, within days after Ms. Gray-Watson moved to Houston, the former DCA of the Houston Southeast campus resigned.

15. On June 6, 2018, Todd Zvaigzne, Remington College's Houston Southeast Campus' Regional Vice President at the time, promoted Ms. Gray-Watson to the DCA position.

16. According to Defendants, on May 15, 2019, although Ms. Gray-Watson was never informed of any issues with her performance, Bonnie Delashmit, the College's Senior Vice President of Educational Support and Campus Administration, who was also serving as the Houston Southeast Campus' Regional Vice President at that time, demoted Ms. Gray-Watson back to the Assistant DCA position.

17. Ms. Gray-Watson was replaced by Jarod Held (Caucasian male) as the new DCA of the Houston Southeast campus.

18. Defendants claim the demotion occurred on May 15, 2019; however, Ms. Gray-Watson was not notified of the decision at that time. Instead, Ms. Watson-Gray was told Mr. Held was just on campus to help.

19. On May 30, 2019, Ms. Gray-Watson complained to Ms. Delashmit that she felt she was being targeted and discriminated against.

20. A couple days later, on June 3, 2019, Ms. Gray-Watson requested intermittent leave under the Family and Medical Leave Act (FMLA).

21.     On June 10, 2019, within days of her complainant of discrimination and request for leave under the FMLA, Mr. Held changed the name plate outside Ms. Gray-Watson's office, with a new title of Assistant DCA, and asked her to update her signature. This was the first time Ms. Gray-Watson learned of her demotion.

22.     On August 30, 2019, Ms. Gray-Watson filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

23.     Remington College submitted its response to the Charge of Discrimination on October 8, 2019.

24.     In their response, Defendants claimed for the first time that Ms. Gray-Watson was demoted because she did not have a bachelor's degree.

25.     Defendant was aware that Ms. Gray-Watson did not have her bachelor's degree when they hired her, asked her to transfer to Houston and subsequently promoted her to the DCA position.

26.     On November 21, 2019, shortly after she complained of discrimination, Defendants terminated Ms. Gray-Watson's employment.

## V.
## FIRST CLAIM FOR RELIEF
### (Interference with Right Under the FMLA)

27.     Ms. Gray-Watson incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

28.     Remington College is an employer and Ms. Gray-Watson was an employee as those terms are defined by Title VII, 42 U.S.C. § 1981, TCHRA and the FMLA.

29.     Bonnie Delasmit, in her individual capacty as Senior Vice President, is an employer and Ms. Gray-Watson was an employee as those terms are defined by the the FMLA.

30. The FMLA prohibits an employer from retaliating against an employee for exercising his or her rights under the FMLA.

31. Ms. Gray-Watson was an eligible employee and protected under the FMLA.

32. Ms. Gray-Watson suffered adverse employment actions because she exercised her rights under the FMLA.

33. By its conduct, Defendants knowingly and willfully retaliated against, and interferred with, Ms. Gray-Watson's lawful entitlement to leave under the FMLA; thus, denying her right to leave under the FMLA.

## VI
## SECOND CLAIM FOR RELIEF
### (Discrimination under Title VII, 42 U.S.C. § 1981 and the TCHRA)

34. By its conduct, Defendant Remington College, knowingly and willfully discriminated against Ms. Gray-Watson based on her race and gender, and retaliated against her because of her participation in activities protected by Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act.

35. Ms. Gray-Watson has been damaged because of the discrimination and/or retaliation and is entitled to all remedies enumerated under all applicable statutes.

36. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the statutorily protected rights of Ms. Gray-Watson.

37. Defendant's discriminatory actions have caused Ms. Gray-Watson to suffer emotional distress and loss of wages, both in the past and in the future.

## VII.
## Damages

38. Each allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein and incorporated by reference.

39. Defendants' unlawful acts give rise to the following damages: back pay, compensation for lost future pay; compensatory damages, punitive damages, benefits in the past and the future, costs, expert witness fees, attorneys' fees, and pre- and post-judgment interest as allowed by law.

**WHEREFORE, PREMISES CONSIDERED**, **PLAINTIFF prays for:**

Actual damages; Compensatory damages; Costs of court; Pre-and post-judgment interest at the maximum rate allowed by law; reasonable and necessary attorneys' fees; and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

<u>/s/ David Manley</u>
David J. Manley
Texas State Bar No. 24001593
S.D. Tex. Bar No. 24301
820 Gessner Road, Suite 1710 Suite 1000-211
Houston, Texas 77024
Phone: (281) 687-6889
manley@coveler.com

**ATTORNEY FOR PLAINTIFF MELANIE GRAY-WATSON**